UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE


Michael Hanson

   v.                                      Civil No. 11-cv-534-PB

Stephen Church, Superintendent,
Rockingham County House of
Corrections, et al.


**O R D E R**

Before the court is Michael Hanson's complaint (doc. no. 1) and addendum to the complaint (doc. no. 8).[1]  Also before the court are plaintiff's "Motion to Reconsider and Request for Immediate Relief" (doc. no. 4), "Motion for Clarification" (doc. no. 10), and a second "Motion for Clarification" (doc. no. 15).  These motions are addressed in this order and a report and recommendation issued simultaneously herewith.

Plaintiff has also filed a "Renewed Motion for Preliminary Injunctive Relief" (doc. no. 16).  That motion repeats plaintiff's previously filed requests for a preliminary injunction, which are pending before the court, and also appears

---

[1] Hanson's initial pleading (doc. no. 1), titled "Petition for Expedited Writ of Habeas Corpus," construed and docketed by the court as a complaint filed pursuant to 42 U.S.C. § 1983, see Doc. No. 2, as well as Hanson's filing titled "Verified Complaint" (doc. no. 8), are considered to be, in the aggregate, the complaint in this matter for all purposes.

to add an additional claim for relief.  The motion, seeking amendment to the complaint and injunctive relief, is addressed herein and in the report and recommendation.

Hanson is a pretrial inmate at the Rockingham County House of Corrections ("RCHC"), who alleges that his federal constitutional and state law rights have been violated by RCHC employees and employees of PrimeCare Medical ("PCM"), the organization that provides medical services to inmates at the RCHC.  The matter is before me for preliminary review to determine whether the complaint states any claim upon which relief might be granted.  See 28 U.S.C. § 1915A(a); United States District Court for the District of New Hampshire Local Rule ("LR") 4.3(d)(2).

I.   Order to Amend

   A.   Complaint

For reasons stated in a report and recommendation issued this date, the court grants Hanson leave to file an amended complaint, within thirty days of the date of this order, as follows:

   1.   Hanson must amend his claims seeking relief for inadequate medical, mental, and dental health care at the RCHC to name specific individuals to the claim, and to identify what

each individual defendant did to violate his rights.  Hanson's amended complaint should include a statement of what acts or omissions on the part of each defendant to these claims denied him adequate treatment for his medical, mental health and dental needs, as well as whether and how each of the defendants was specifically aware of an actual and serious risk to Hanson's medical, mental, or dental health and safety.

    2.   Hanson must amend his complaint to identify what legal resources or material he was denied by Lt. Consentino or any other individual, and what impact that denial had on a specific hindrance to an actual case he had a right to pursue.  Hanson must assert what each defendant to this claim did to deprive him of his right to access the courts.

    3.   Hanson must amend his complaint to identify facts to support that the alleged sexual harassment committed against him by RCHC C.O. Hazleton was sufficiently objectively serious to state a constitutional violation, and to show that Hazleton possessed a sufficiently culpable state of mind to support a claim for a due process violation.

    4.   Hanson must provide, with his amended complaint, a completed summons form for each defendant named in this action.

B.  Request for Preliminary Injunction

Hanson is granted leave to amend his request for preliminary injunctive relief demonstrating that he can satisfy the elements required to obtain such an injunction, as set forth in the report and recommendation issued this date. Should Hanson elect to file an amended request, the court will determine whether a hearing on Hanson's request is warranted.

II. Order on Pending Motions

A.  Motion to Reconsider and Request for Immediate Relief (doc. no. 4)

To the extent Hanson's motion to reconsider the court's construing his initial filing as a civil rights suit filed pursuant to 42 U.S.C. § 1983, the motion is DENIED. To the extent the motion seeks preliminary injunctive relief, that request has been addressed herein and in the report and recommendation. Ruling on this motion is deferred pending receipt of Hanson's amended request for a preliminary injunction.

B.  Motion for Clarification (doc. no. 10)

The motion is construed as a motion to amend the complaint to incorporate a "Verified Complaint," (doc. no. 8) into the complaint in this matter. The motion is granted in part and

denied in part.  The motion is DENIED as moot, as the document has already been construed as a motion to amend the complaint and granted.  To the extent the motion seeks to excuse Hanson from filing certain documents previously ordered by the court (doc. no. 6), the motion is GRANTED as the court has been provided with the documents requested.

    C.   <u>Motion for Clarification (doc. no. 15)</u>

The motion is GRANTED.  The court's order continuing the preliminary injunction hearing (doc. no. 12) has been clarified in this order and in the report and recommendation issued this date.

To the extent the motion seeks to amend the complaint to add a claim, the motion is GRANTED.  The additional claim has been addressed in the report and recommendation.

    D.   <u>Renewed Motion for Preliminary Injunctive Relief (doc. no. 16)</u>

Hanson's motion has been addressed in this order and in the report and recommendation issued this date.  Ruling on this motion is deferred pending receipt of Hanson's amended request for a preliminary injunction.

II. <u>Service Order</u>

Hanson has stated one claim, alleging a Fourth Amendment violation against Hazleton, upon which relief may be granted.[2] Accordingly, the court directs service of the complaint (doc. nos. 1 and 8), and the motion to amend the complaint (doc. no. 15) on Hazleton.

The clerk's office is directed to prepare summons forms for RCHC Officer Hazleton at his place of business:  Rockingham County House of Corrections, 99 North Rd., Brentwood, NH 03833. The clerk's office shall forward to the U.S. Marshal's office: the summonses; the complaint (doc. nos. 1 and 8); the motion to amend the complaint (doc. no. 15); the report and recommendation issued this date; and this order.  Upon receipt of the necessary documentation, the U.S. Marshal's office shall effect service upon the named defendant.  <u>See</u> Fed. R. Civ. P. 4(c)(3) and 4(e). Defendant is instructed to answer or otherwise plead within twenty-one days of service.  <u>See</u> Fed. R. Civ. P. 12(a)(1)(A).

---

[2] In the report and recommendation, the court recommends dismissal of the claims in the complaint alleging verbal harassment; endangerment; retaliation; conspiracy; equal protection; libel; slander; invasion of privacy; "shock"; and assault.  In the report and recommendation, the court further recommends that the state law claims in the complaint alleging medical malpractice and the intentional and negligent infliction of emotional distress be dismissed without prejudice to refiling should Hanson amend his complaint to state viable federal claims arising out of the same case or controversy.

Hanson is instructed that all future pleadings, written motions, notices, or similar papers shall be served directly on defendants by delivering or mailing the materials to them or their attorney(s), pursuant to Fed. R. Civ. P. 5(b).

### Conclusion

Hanson's complaint is to be served on CO Hazleton.  Hanson is granted leave to amend his complaint as directed above, and as discussed in the report and recommendation issued this date.  Should Hanson fail to amend his complaint as directed, the court will recommend dismissal of any claim that remains insufficiently alleged to state a claim upon which relief might be granted.  Hanson is also granted leave to amend his request for preliminary injunction.  The request will be further considered upon the filing of such amendment.

**SO ORDERED.**

_____
Landya B. McCafferty
United States Magistrate Judge

Date:  January 12, 2012

cc:  Michael Hanson, pro se

LBM:jba