UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

Michael Hanson

    v.                                                    Civil No. 11-cv-534-SM

Stephen Church, Superintendent,
Rockingham County House of
Corrections, et al.

**O R D E R**

Before the court is pro se plaintiff Michael Hanson's motion to amend his complaint (doc. no. 39). The motion was filed by Hanson while he was incarcerated at the Rockingham County House of Corrections ("RCHC").[1] The matter is before this magistrate judge for a ruling on the motion, and an initial review to determine whether it states any claim upon which relief might be granted, pursuant to United States District Court District of New Hampshire Local Rule ("LR") 4.3(d)(2). For the reasons explained herein and in a report and recommendation issued simultaneously with this order (hereinafter "the R&R"), the motion is granted.

---

[1] Since the filing of this motion, plaintiff has been released from custody.

**Motion to Amend**

Hanson's "Motion to Amend Complaint" (doc. no. 39) seeks, in part, to amend one claim that was insufficiently stated in his original complaint (doc. nos. 1 and 8), and that he had been directed to amend in orders issued January 12, 2012 (doc. no. 18) and February 2, 2012 (doc. no. 27). That portion of the motion is properly considered a request to amend the complaint.

Hanson, however, asserts additional claims arising out of events that occurred at the RCHC after the commencement of this action, but that, as alleged, relate to the original pleadings filed. To that extent, the motion is in the nature of a supplemental pleading filed pursuant to Fed. R. Civ. P. 15(d). See id. (the court may permit supplemental pleading "setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented" even if original pleading is defective).

The motion to amend and supplement contains one claim upon which the court has found relief may be granted. Further, the court finds that Hanson has asserted facts in the supplemental pleading that connect it to the original pleading. For these reasons, the Clerk's office is directed to amend the docket to

rename the motion as "Motion to Amend and Supplement Complaint."
The motion, so construed, is granted.[2]

### Service

As explained in the R&R, Hanson has stated a claim upon which relief might be granted alleging a violation of the Fourth Amendment against RCHC Corrections Officer Lennon. Accordingly, the court directs that service of this action be made on Lennon at his place of business: Rockingham County House of Corrections, 99 North Rd., Brentwood, NH 03833.

The clerk's office is directed to prepare a summons form for defendant Lennon. The clerk's office shall forward to the U.S. Marshal's office the summons, along with: the complaint (doc. nos. 1 and 8); the Orders issued November 21, 2011 (doc. no. 11), January 12, 2012 (doc. no. 18), January 31, 2012 (doc. no. 24), February 2, 2012 (doc. no. 27), February 14, 2012 (doc. no. 29), February 17, 2012 (doc. no. 31), and April 12, 2012 (doc. no. 39); and the Report and Recommendations issued January 12, 2012 (doc. no. 19), August 16, 2012 (doc. no. 48) and this

---

[2]Granting this motion does not serve to authorize the claims therein to proceed. Like all prisoner civil rights actions, the pleading is subject to preliminary review. See 28 U.S.C. § 1915A(a); LR 4.3(d)(2). Granting the motion allows the document to be so reviewed.

date; and this Order. Upon receipt of the necessary documentation, the U.S. Marshal's office shall effect service upon Lennon. See Fed. R. Civ. P. 4(c)(3) and 4(e).

Defendant Lennon is instructed to answer or otherwise plead within twenty-one days of service. See Fed. R. Civ. P. 12(a)(1)(A).

Defendant Haseltine has previously filed an answer (doc. no. 30) to the complaint (doc. nos. 1 and 8). Haseltine is directed to answer or otherwise plead in response to the allegations and claims set forth in the motion to amend and supplement the complaint (doc. no. 39), as identified in the R&R, within twenty-one days of the date of this Order.

Hanson is instructed that all future pleadings, written motions, notices, or similar papers shall be served directly on defendants by delivering or mailing the materials to them or their attorney(s), pursuant to Fed. R. Civ. P. 5(b).

SO ORDERED.

_____
Landya McCafferty
United States Magistrate Judge

September 4, 2012

cc: Michael Hanson, pro se
    Corey Belobrow, Esq.